**UNITED STATES of America, Plaintiff,**

v.

**George J. CHIATTELLO, Defendant.**

**No. HCR 83–36(7).**

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 4, 1985.

R. Lawrence Steele, Jr., U.S. Atty., Jerome Frese, Asst. U.S. Atty., Hammond,

Ind., William T. Grimmer, Asst. U.S. Atty., South Bend, Ind., for plaintiff.

Donald V. Morano, Chicago, Ill., for defendant.

### MEMORANDUM DECISION AND ORDER DENYING RELEASE PENDING APPEAL

KANNE, District Judge.

The matter is before the court on defendant's "Emergency Application to Amend Conditions of Release Pending Appeal". For the reasons stated below the court will treat the defendant's motion as a request for release of a defendant pending appeal and consider it in accordance with the "Bail Reform Act of 1984" which is a part of the recently enacted "Comprehensive Crime Control Act of 1984", Pub.L. No. 98–473.

The defendant, George J. Chiattello, was initially charged with 17 counts of related offenses centering on a conspiracy to import drugs into the United States. At the time the indictment was returned Senior United States District Judge Robert A. Grant set bond in the amount of $2,000,000 cash or corporate surety. Thereafter defendant moved for reduction of bond to $100,000 with a 10 percent cash option. Following a hearing on defendant's motion for reduction of bond United States Magistrate Andrew P. Rodovich entered a written order denying defendant's motion.

Immediately prior to trial the defendant moved to dismiss all charges against him on the basis that double jeopardy precluded prosecution. This motion was heard by the court and denied. The defendant then moved to stay the commencement of the trial pending appeal of the issue to the Seventh Circuit Court of Appeals. This court found that the defendant's claim of double jeopardy was frivolous, but afford-ed the defendant an opportunity to seek a stay of the proceedings in the Court of Appeals. The Court of Appeals denied the request to stay and the case proceeded to jury trial.

After commencement of the trial the defendant, pursuant to a plea agreement, pled guilty to the charge of engaging in a continuing criminal enterprise. Part of the plea agreement gave the defendant the right to appeal this court's prior denial of defendant's motion to dismiss on a theory of double jeopardy.

On March 6, 1984, the defendant was sentenced to a term of imprisonment of 20 years, under the provisions of 21 U.S.C. § 848(a)(1), without possibility of parole. Defendant's appeal on the issue of double jeopardy is the matter now pending before the Court of Appeals. The motion relating to defendant's release from custody pending appeal was filed with this court on September 20, 1984.

Release of a defendant from custody pending appeal was previously governed by 18 U.S.C. § 3148, a part of the "Bail Reform Act of 1966". However, on October 12, 1984, President Reagan signed the "Comprehensive Crime Control Act of 1984" which included the "Bail Reform Act of 1984". Pursuant to the statutory enactment by Congress the "Bail Reform Act of 1984" became effective immediately upon the President's signature. Thus on October 12, 1984, Sections 3141 through 3151 of Title 18 were repealed and the postconviction release of defendants from custody is now controlled by a new provision found at Section 3143 of Title 18. Thus the court will now review this matter in accordance with the requirements of 18 U.S.C. § 3143 and not the repealed 18 U.S.C. § 3148.[1]

The enactment of Section 3143 of Title 18 eliminates the presumption favoring re-

---

1. The method governing the release of a defendant on appeal following a conviction is a matter of procedure and does not bear on substantive rights. In *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), the Supreme Court held that "[e]ven though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto.*" *Id.* at 293, 97 S.Ct. at 2298. "[T]he constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation, ... and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." *Beazell v. Ohio,* 269 U.S. 167, 171, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1965). *See also James v. Twomey,* 466 F.2d 718, 721 (7th Cir.1972). Statutory changes that are procedural in nature are held immediately

lease of defendants on bail following conviction. Subsection (b) of Section 3143 specifically applies to defendants who have been sentenced and are pursuing an appeal thus making it applicable to the defendant herein. Title 18 U.S.C. § 3143(b) reads as follows:

> *Release or Detention Pending Appeal by the Defendant.*—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and
>>
>> (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.
>
> If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

The legislative history of § 3143(b) makes it clear that the burden is on the defendant to show both that he will not flee or pose a danger *and* that his appeal raises a substantial question likely to result in reversal or a new trial. S.Rep. No. 225, 98th Cong., 1st Sess. 27, *reprinted in 9A U.S.Code Cong. & Ad.News 1984,* at pages 1, 30.

Thus after sentence and pending appeal the rule now is that a defendant must be detained unless a judicial officer finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

For the purpose of this case the court will focus on subsection (b)(1) of § 3143.

Further legislative history discloses the following comments:

> The change in subsection (b) requires an affirmative finding that the chance for reversal is substantial. This gives recognition to the basic principle that a conviction is presumed to be correct (Emphasis added).

S.Rep. No. 225, *supra.*

An additional comment found in S.Rep. No. 225, p. 27, n. 86, states in part:

> The advisory notes to Rule 9(c) of the Federal Rules of Appellate Procedure state that the burden of showing that the appeal appears to be frivolous or taken for delay rests with the government. The committee intends that under section 3143 the burden of showing the merit of the appeal should now rest with the defendant.

Having set the framework for review of defendant's motion the court now turns to the facts relating to this case.

■ In ruling on the double jeopardy issue raised by the defendant on appeal, this court, in a pretrial hearing, found not only that the defendant was not the subject of double jeopardy, but also that such a claim was frivolous. However, it should be made clear that this court's prior determination that defendant's claim of double jeopardy was frivolous is not controlling as to an issue to be decided here—that is, does defendant's appeal on the issue of double jeopardy raise a substantial question "likely to result in reversal."

The standard for permitting a pretrial or interlocutory appeal of a double jeopardy claim was established in *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and reviewed recently in *Richardson v. United States,* —— U.S. ——, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). The Supreme Court has also indicated in *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), that the appealability of a double jeopardy claim depends upon it being at least "colorable".

---

applicable to pending cases. *See United States v. Vanella,* 619 F.2d 384 (5th Cir.1980), and

cases cited therein.

However, it has been held that a double jeopardy claim must be "nonfrivolous" to warrant interlocutory appeal. *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980).

The interlocutory appeal standard for double jeopardy claims is akin to the repealed § 3148 of the old "Bail Reform Act of 1966" which required that a defendant be released on bail pending appeal if the appeal was not "frivolous or taken for delay". However, the word "frivolous" is not found in § 3143(b).

It is clear from the language of the statute itself and the legislative history that a significantly different standard is now mandated in determining whether the presumption favoring postconviction detention of a defendant has been overcome. The "likely to result in reversal" standard is clearly a much more stringent requirement with the burden now placed on a defendant. The emphasis is entirely changed from the prior standard which placed the burden on the government in establishing that an appeal was "frivolous".[2]

Section 3143 of the new "Bail Reform Act of 1984" reflects the congressional recognition of the basic principle that a conviction is presumed to be correct. In accordance with this basic principle a release of a defendant on appeal may be granted only if the chance for reversal is substantial and the defendant is not likely to flee or pose a danger to the community.

Congress has determined that once the presumption of innocence is gone and sentence imposed a defendant should be detained in custody unless all the requirements of subsection (b) of Title 18 U.S.C. § 3143 have been met.

The court has had the benefit of extensive information bearing on the factors to be considered under § 3143(b). This information has been provided in the hearing on defendant's motion to dismiss on the basis of double jeopardy; the testimony of the defendant given at the time of his guilty plea; the defendant's presentence report; and the subsequent testimony of the defendant, under oath, at co-conspirator trials. For this reason no hearing on defendant's motion for postconviction release is required, and defendant's request, therefore, will be denied.

Based on all the evidence presented during this case and the trials of co-conspirators this court, under the requirements of subsection (b)(1) of Title 18 U.S.C. § 3143, finds that there is no question of law or fact likely to result in reversal.

Because of the court's findings herein and this order, the issue of whether or not the defendant is likely to flee or pose a danger to the community under § 3143(b)(1) need not be addressed.

For the reasons stated herein defendant's Emergency Application to Amend Conditions of Release Pending Appeal, which the court has treated as a motion for release of a defendant pending appeal, and Motion for Hearing on Defendant's Application for Bail are hereby DENIED.

---

2. A "colorable" or "nonfrivolous" double jeopardy claim still need only raise issues which appear to be genuine in order to qualify for interlocutory appeal. Now, however, a postconviction appeal based on a double jeopardy claim, like all other appeal claims, must be "likely to result in reversal" in order to authorize release of a defendant pending appeal.