UNITED STATES of America

v.

Victor William RUWE, Defendant.

Crim. No. 84–124–E.

United States District Court,
M.D. Alabama, E.D.

March 4, 1985.

John C. Bell, U.S. Atty., Charles L. Truncale, Asst. U.S. Atty., Montgomery, Ala., for plaintiff.

Richard L. Vincent and David Cromwell Johnson and Daniel J. Burnick, Birmingham, Ala., for defendant.

## ORDER

HOBBS, Chief Judge.

Defendant has filed a Motion to Stay Fine Pending Appeal. On consideration of the motion, the motion is denied.

■ Defendant has argued that the Bail Reform Act of 1984 is not applicable to defendant because the offenses for which he was convicted predated the effective date of the Act. This precise contention was raised and rejected in *United States v. Miller,* 753 F.2d 19 (3d Cir.1985). See also *United States v. Davis,* 598 F.Supp. 453, 467–68 (S.D.N.Y.1984); *United States v. Chiattello,* 599 F.Supp. 970 (N.D.Ind.1985). The courts in these cases reasoned that the method governing the release of a defendant on an appeal is a matter of procedure and does not bear on substantive rights; and as a procedural change is not *ex post facto.*

In *United States v. Giancola et al.,* 754 F.2d 898 (11th Cir.1985), the Court of Appeals considered the language of the Bail Reform Act as it relates to "bail pending appeal" and cited with approval *United States v. Miller.* Although the court in *Giancola* did not address the question of whether the "bail pending appeal" provisions of the Act were applicable to a case where the offense predated the effective date of the Act, nothing in the *Giancola* opinion suggests that the "bail pending appeal" provisions of the Act do not apply to a case where sentencing is after the effective date of the Act irrespective of when the offense occurred. This Court holds that the Bail Reform Act is applicable to this case.

■ *Giancola* requires the sentencing court on application for a stay pending an appeal to examine, first, the basis for the appeal and determine whether the asserted grounds raise a substantial question. Second, if the appeal presents a substantial question, is a resolution of the question favorable to defendant likely to result in reversal. The Court is of the opinion that defendant's appeal does not raise a substantial question considering the record in this case. Defendant asserts three grounds for his appeal.

■ (1) *The Government failed to prove beyond a reasonable doubt that defendant was guilty of any of the counts of the indictment.* The proof in this case was more than sufficient to meet the Government's burden. The credibility choice was for the jury, and the jury resolved the credibility issues adversely to the defendant.

(2) *The Government failed to provide all materials required under Rule 16 of the Federal Rules of Criminal Procedure.* The defendant has not pointed out to this Court what, if any, materials were wrongfully denied defendant under Rule 16. In the opinion of the Court, plaintiff was not denied any materials to which defendant was entitled under Rule 16.

(3) *The Court was in error in considering any of the information which was prejudicial to defendant in "Prosecution Version" in the presentence report.* The Court declined to consider any information in the presentence report to which defendant objected unless the Government offered proof at a hearing with defendant given an opportunity to rebut the evidence. At such a hearing the Government's proof was not even disputed except to the extent the defendant offered in evidence a polygraph test. In *United States v. Stephens,* 699 F.2d 534 (11th Cir.1983), the court makes clear that defendant must be offered an opportunity to rebut the information contained in the report. Defendant was given this opportunity, and even more the Government was required to offer credible proof before the Court was willing to consider any of the information to which defendant objected. The sentence imposed

was well within the statutory limits. "A defendant is not denied due process of law as long as the information considered is reliable and the defendant is afforded an opportunity to refute it." *United States v. Saintil,* 753 F.2d 984 (11th Cir.1985).

Upon consideration of defendant's motion to stay detention pending appeal and defendant's petition for modification or rescission of fine, it is ORDERED that said motion and petition are denied.