UNITED STATES of America, Plaintiff-Appellee,

v.

Roosevelt DANIELS, Defendant-Appellant.

No. 85–1897.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 4, 1985.

Decided Sept. 12, 1985.

Michael H. King, Ross & Hardies, Chicago, Ill., for defendant-appellant; Allan A. Ackerman, Chicago, Ill., of counsel.

Charles B. Sklarsky, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Daniels is in custody on a charge of distributing large quantities of controlled drugs (principally cocaine), in an operation that included bribing police officers to obtain protection. At Daniels's initial appearance before the magistrate, the government moved for an order of pretrial detention under 18 U.S.C. § 3142(f)(1)(C). The magistrate held a timely hearing, at which an agent of the FBI testified about the crime for which Daniels had been arrested. The magistrate found that there was probable cause to believe that Daniels had committed the drug offenses charged.

The prosecutor also placed Daniels's criminal record before the magistrate. In 1970 he was convicted of battery and unlawful use of a weapon, in 1971 of armed robbery. He served five years on these convictions. In 1976 he was convicted of aggravated kidnapping—abducting two people at gunpoint and stuffing them in the trunk of a car. *People v. Daniels*, 67 Ill.App.3d 663, 24 Ill.Dec. 65, 384 N.E.2d 932 (1978). This affair cannot have come

long after his release. He also was convicted of a separate incident in 1976 of murder; he bludgeoned a person to death in a dispute about $60. (This conviction was reversed, *People v. Daniels*, 75 Ill. App.3d 35, 30 Ill.Dec. 631, 393 N.E.2d 667 (1979), but Daniels then entered a plea of guilty to the charge of murder.) Perhaps aggravated kidnapping and murder are not viewed as serious crimes these days, for by 1982 Daniels was at liberty once more, this time facing charges of unlawful use of a weapon. He was returned to jail. By 1984 he was out again. When arrested on drug charges in September 1984 he was wearing a holster for one of six guns thrown out the window of a front for selling drugs. This led to the revocation of his parole in November 1984. But even that did not last. He was out again when arrested on April 15, 1985, and charged with running a drug operation.

The magistrate understandably concluded that Daniels would pose a danger to the community if allowed to remain at large pending trial. As he put it, Daniels—who introduced no evidence at the hearing—did not rebut the statutory presumption of dangerousness that flows from the finding of probable cause to believe that he had committed a serious drug offense. 18 U.S.C. § 3142(e). On appeal to the district court Daniels once again introduced no evidence. He argued instead that he was not likely to flee. The district court agreed with the magistrate and concluded that Daniels should be held pending trial.

█ Daniels repeats on appeal the argument that he is unlikely to flee. And indeed the evidence shows that he is a lifelong resident of Chicago, where all his family lives. He apparently returns to Chicago over and over again to commit crimes, and the police seem to have no trouble picking him up. He says that he has never jumped bond on an offense. This is disputed; the prosecutor says that bond forfeiture proceedings have been filed against him but that the record does not reflect the disposition of these. We need not resolve the dispute. We may assume that Daniels, like a bad penny, will return even if ordered *not* to do so. This is irrelevant. He is being held on a conclusion that he is likely to commit more crimes on release, not on a charge that he is likely to flee. These are distinct statutory sources of authority to detain. That the evidence supports only one is no reason to let Daniels out; one is quite enough. See generally *United States v. Orta*, 760 F.2d 887 (8th Cir.1985) (en banc); S.Rep. No. 98–225, 98th Cong., 2d Sess. (1984), U.S.Code Cong. & Admin. News 1984, p. 3182. The only argument Daniels makes is that the government must prove the likelihood of flight, failing which it must release him on one of the conditions elaborated in the statute. This is wrong, and we need go no further.

Daniels also argues briefly that the district court did not afford him the de novo evidentiary hearing to which he is entitled. But the court gave him an *opportunity* to introduce evidence; he simply offered none. The prosecutor was entitled to rely on the evidence introduced before the magistrate. The magistrate's refusal to allow Daniels to obtain from the agent of the FBI information about electronic surveillance and other material going to the merits also was permissible; none of the avenues the magistrate blocked is pertinent to dangerousness pending trial.

One more matter—the principal reason why we have issued a published opinion in this case. The order of pretrial detention was issued on April 18 and affirmed by the district court on May 15. Daniels's lawyer simply filed a notice of appeal and allowed the appeal to take its ordinary course. His brief was filed on June 27, the government's on July 29. Only as the staff of the court was preparing calendars for oral argument did we learn that this was an appeal from an order of pretrial detention. The case promptly was sent to the motions panel as an emergency matter, and we have handled it in an expedited fashion.

█ The new bail statute increases the number of people confined pending trial and pending appeal. It also requires prompt decisions by the courts, 18 U.S.C.

**384**

§§ 3145(b), 3145(c), for time spent in prison is lost forever. The court of appeals cannot provide the prompt disposition that the statute contemplates unless counsel notify us of the urgent nature of the proceeding. In several recent cases counsel have joined applications for bail pending appeal to the briefs on the merits, e.g., *United States v. Bilanzich*, 771 F.2d 292 (7th Cir.1985), which makes the grant of bail pending appeal all but impossible. Whenever a defendant appeals from an order of pretrial detention, or a denial of bail pending appeal, counsel should make a motion for relief that will draw the case to the attention of the motions panel. The panel may require expedited briefing or may decide the case on the spot; in either event, the defendants will receive a disposition swifter than we have been able to afford Daniels.

AFFIRMED.