**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Paul R. THOMPSON,**
**Defendant-Appellee.**

No. 86–1056.

United States Court of Appeals,
Seventh Circuit.

Submitted March 21, 1986.

Decided March 27, 1986.[*]

Steven J. Rosenberg, Steven J. Rosenberg, P.C., Chicago, Ill., for plaintiff-appellant.

Larry A. Mackey, Asst. U.S. Atty., and Gerald D. Fines, U.S. Atty., Springfield, Ill., for defendant-appellee.

Before FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

Defendant Paul Thompson has been convicted in a jury trial of 10 counts of excise tax evasion. He moved for bail pending appeal, and his motion was heard on December 6, 1985. The district judge found that Thompson's appeal would not raise any "substantial questions" within the meaning of the appropriate provision of the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, and specifically § 3143(b). The judge went on, though, to stay the execution of Thompson's sentence for a three month period and to indicate that he would be amenable to extending that stay

---

[*] Because of the need to expedite appeals under this statute, *see* 18 U.S.C. § 3145(c), we are issuing this opinion today in typescript form. It will be issued as a slip opinion at a later date.

through the life of the appeal. He did so because of the nature of Thompson's crime and because he had always granted bail pending appeal in tax evasion cases under prior bail law. A new bond was then set. The government appeals, arguing that the judge essentially granted bail pending appeal despite his finding that the appeal raised no "substantial" issues. We are advised that the district court has extended the stay through May 1, 1986.

Initially we reject Thompson's claim that the government waived its right to appeal by participating in the setting of a new bond. An examination of the December 6 transcript makes it clear that the government strongly objected to the district judge's course of action. After the judge indicated that he had made up his mind, the prosecutor requested that an increased bond be set, an act fully in accordance with his duty as government counsel. He did not thereby abandon his opposition to the court's initial ruling.

The custodial status of a criminal defendant after conviction is now governed by 18 U.S.C. § 3143. Under (a) of that section, a defendant awaiting sentencing or execution of sentence must be detained unless he is neither a danger to the community nor a risk of flight. The government does not contend that Thompson poses either of those problems. When an appeal has been filed, though, § 3143(b) adds requirements that the appeal not be "for purposes of delay" and that it "raise[ ] a substantial question of law or fact likely to result in reversal or an order for a new trial."

The legislative history of § 3143(*a*) indicates that it is intended to allow a convicted defendant who is not appealing to be released "in appropriate circumstances for short periods of time ... for such matters as getting his affairs in order prior to surrendering for service of sentence." S.Rep. No. 225, 98th Cong., 1st Sess. at 26, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3209. Once an appeal has been filed a defendant may remain at large only if all of the findings required by § 3143(b) have been made. In the present case,

Thompson's bail motion specifically contemplated the filing of an appeal; furthermore, his attorney indicated at the December 6 hearing that he had already filed a notice of appeal. It follows that authority to allow Thompson to remain out of jail could only have come from § 3143(b).

At the December 6 hearing, the district judge did conclude that none of Thompson's issues were "substantial." In doing so, though, he observed that if he had found any substantial issues he would have ruled in Thompson's favor at trial. As we have held in *United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir.1985) and *United States v. Bilanzich*, 771 F.2d 292 (7th Cir. 1985), a judge need not find that he should have ruled the other way, *i.e.*, that he probably will be reversed, in order to find that an issue is "substantial." *See also United States v. Miller*, 753 F.2d 19 (3rd Cir.1985). In *Greenberg* and *Bilanzich* we adopted the test approved by the Eleventh Circuit in *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985). Under this test, an appeal raises substantial issues if it presents "a 'close' question or one that very well could be decided the other way."

Thompson suggests that we may determine on our own whether the issues he raises are substantial. We believe, however, that the district judge should have the first opportunity to consider those issues under the appropriate standards. If further appellate review becomes necessary, his comments on the issues will be most helpful.

Accordingly, the district court's order releasing defendant Thompson is REVERSED and the matter of his custody is REMANDED to the district court for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the mandate in this appeal (No. 86–1056) be issued immediately. If either party seeks appellate review of a subsequent custody order, they may proceed by motion in Thompson's direct appeal of his conviction

(No. 85–3153).  *United States v. Daniels,*
772 F.2d 382, 383–384 (7th Cir.1985).