660 F.Supp. 288 (1987)
UNITED STATES of America, Plaintiff,
v.
John Alvin PAYNE, and Terrell Williams a/k/a Tarrell Williams, Defendants.
No. 87-105Cr(5).
United States District Court, E.D. Missouri, E.D.
May 12, 1987.
*289 Debra Herzog, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.
Charles Shaw, Clayton, Mo., for Payne.
Daniel Reardon, Clayton, Mo., for Williams.

MEMORANDUM
LIMBAUGH, District Judge.
This cause is before the Court under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., for review of the April 27, 1987 order of United States Magistrate William S. Bahn detaining defendant John Alvin Payne prior to trial. On that same day, defendant filed a motion under 18 U.S.C. § 3145(b) seeking review by this Court of Judge Bahn's detention order, and on April 28, 1987, the Court conducted a hearing on defendant's motion. The United States proffered a transcript of the proceedings before Judge Bahn in support of its contention that the Court should detain defendant Payne prior to trial, and defendant Payne called seven witnesses. Both defendant and the United States have filed memoranda of law in support of their positions. This Memorandum represents the Court's written findings of fact and written statement of the reasons for detention as contemplated in 18 U.S.C. § 3142(i)(1).

Findings of Fact
On March 31, 1987, a federal grand jury in St. Louis, Missouri returned a one-count indictment charging defendant John Alvin Payne and another man with conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment alleges two overt acts, specifically, that on or about December 15, 1986, defendant Payne travelled to the Stouffer's Concourse Hotel in St. Louis County, Missouri and that the other named defendant travelled from Los Angeles, California to St. Louis, Missouri on or about March 25, 1987.
Defendant Payne currently resides in Southern California with his wife of seventeen years, Linda. Before the defendant's arrest, he and his wife were cohabitating, and their two children, ages sixteen and eleven, also lived in the home. The defendant and his wife have had some marital problems, and for the period of time between the late 1970's and 1983, defendant cohabitated with Joan Spencer, a former St. Louis resident who currently lives in Inglewood, California. Although Spencer testified that the defendant is a gambler, it is not clear whether he has any other business enterprises in California. During the past several years, Payne has invested in real estate in north St. Louis, Missouri, primarily in rehabilitation projects.
In June 1977, defendant Payne was indicted in St. Louis along with eight other defendants, and charged with distribution of a controlled substance. This indictment received substantial coverage in the St. Louis press, and some of the news stories mentioned the names of the persons charged, including that of the defendant. Although law enforcement officers in St. Louis attempted to locate Payne by inquiring of his parents, other relatives, and friends as to his whereabouts, he was not taken into custody until approximately fourteen months later, on August 8, 1978, *290 when the Little Rock, Arkansas police arrested him at the Regal 8 Motel. At the time of the arrest, Payne was not registered in the motel under his true name and was carrying an identification card bearing the name "Ernest Lamont Powell."
During the fourteen-month period after defendant's indictment in 1977, his parents, family and friends claimed that they did not know where he was and that he did not know he was under indictment. They claimed they never had any contact with Payne during that time period. At the hearing, Payne's mother reiterated this position, testifying that her son did not know he was under indictment in 1977-78 and that she knew of no one who had told him that he was wanted by police. However, telephone records indicate that Payne made telephone calls to the St. Louis area from the motel in Little Rock, including several to his father, during his absence from St. Louis. The Court finds that Payne attempted to evade law enforcement authorities after his 1977 indictment by fleeing to Little Rock, Arkansas and by living in a hotel under an assumed name. Of note, Payne was eventually acquitted of the charges.
The government introduced hearsay evidence through Harry Hegger, a St. Louis police officer, that a confidential informant recently told him that Payne murdered a person named "Wendell" in 1980 at Page and Vandeventer in St. Louis. Sergeant Hegger conducted an investigation of the files of the St. Louis Police Department and determined that on March 15, 1980 at the 3700 block of Page Avenue a person named Wendell Bryant was shot in the face and chest at point blank range. After reviewing the police report, Sergeant Hegger determined that although the police suspected Payne in that murder, a witness who had implicated Payne later refused to cooperate with the prosecutor's office out of fear of retribution and, as a result, arrest warrants were refused. At the hearing, Payne introduced the testimony of Joan Spencer, with whom he was cohabitating in 1980, that she was with Payne in California on the date of the alleged murder. The Court notes that Spencer was convicted in 1984 of counterfeiting, a felony.
The confidential informant also linked Payne to the murder of a man named "Willie" in the Blackstone and Easton area of St. Louis in the early 1980's. This incident reportedly concerned a botched drug deal. The informant told Sergeant Hegger that while Payne was not the trigger man in that murder, he ordered the killing. Payne has a 1976 felony conviction for carrying a concealed weapon and was charged with a parole violation in 1977. Also, Payne was arrested in Inglewood, California in 1980 for failing to appear on a traffic charge.
Three different confidential informants have recently told Sergeant Hegger that defendant Payne's relatives, including his brother and cousins, who are allegedly part of Payne's drug ring, are attempting to determine the identities of the witnesses the government intends to call in its prosecution of defendant on the pending drug charges. The informant stated that the relatives intend to kill the witnesses once they determine their identities and that they are operating on Payne's orders.
A number of defendant's friends and members of his family have offered to pledge the equity in their homes as security for his release. This equity totals several hundred thousand dollars. Some of the property is in the St. Louis area, but other parcels are outside of the Eastern District of Missouri. These witnesses also testified to Payne's good character and stated uniformly that he is not a dangerous or violent person.

Statement of Reasons for Detention
Under the Bail Reform Act of 1984, the Court must detain the defendant prior to his trial if the United States proves by clear and convincing evidence that he is a danger to other persons or the community, or by a preponderance of the evidence that there are no conditions the Court can impose that will reasonably assure his appearance at trial. 18 U.S.C. § 3142(e) and (f); U.S. v. Orta, 760 F.2d 887, 891 (8th Cir. 1985). A finding of either ground constitutes *291 a sufficient basis for detention. Id.; U.S. v. Daniels, 772 F.2d 382, 383 (7th Cir.1985). If the Court finds that there is probable cause to believe that defendant committed the crime with which he is charged, which is an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., then a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). However, even though a presumption might arise, the burden of proving that the Court should detain the defendant remains with the United States.

1. Operation of the Presumption in 18 U.S.C. § 3142(e).

The defendant contends that the Court must make an independent determination of whether there is probable cause that he committed a crime proscribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., before the presumption in 18 U.S.C. § 3142(e) arises. In other words, defendant asserts that the mere fact that a grand jury indicted him does not give rise to the presumption. Although he cites two district court cases, U.S. v. Cox, 635 F.Supp. 1047, 1051 (D.Kan. 1986) and U.S. v. Allen, 605 F.Supp. 864, 870-71 (W.D.Pa. 1985), in support of his contention, the Circuit Courts of Appeals that have considered this issue have uniformly held that an indictment by a grand jury alone can support a finding by a judge that there is probable cause to believe that the defendant committed one of the offenses specified in 18 U.S.C. § 3142(e). U.S. v. Vargas, 804 F.2d 157, 163 (1st Cir.1986); U.S. v. Dominguez, 783 F.2d 702, 706 n. 7 (7th Cir. 1986); U.S. v. Hurtado, 779 F.2d 1467, 1479 (11th Cir.1985); U.S. v. Contreras, 776 F.2d 51, 52 (2d Cir.1985); and U.S. v. Hazime, 762 F.2d 34, 37 (6th Cir.1985).
Since a grand jury has charged that defendant Payne conspired to violate 21 U.S.C. § 841(a)(1) and 846, an offense within the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., a presumption arises under 18 U.S.C. § 3142(e) that there is no condition or combination of conditions of release that can reasonably assure the safety of the community or the defendant's appearance at trial. Although defendant contends that the factual allegations in the indictment are sparse, he does not argue that the indictment is facially invalid.

2. Likely to Flee.

The defendant offered only sketchy evidence to rebut the presumption that there are no conditions the Court can impose that can result in a reasonable assurance that he will show for trial. He offered evidence from his friends and family that they would willingly pledge their property to secure his release because they believe he is not a flight risk. Also, he offered evidence that he owns property in St. Louis and that he has friends and family here.
This evidence, though, does not rebut the presumption under 18 U.S.C. § 3142(e). Plaintiff's connections to California are much stronger than his ties to the St. Louis area. Further, the defendant left St. Louis in 1977 and 1978 in an attempt to avoid being arrested on an indictment. The Court does not believe the testimony of defendants' family and friends that defendant did not know he was under indictment in St. Louis while he was living in Little Rock. Further, this lack of credibility also undercuts their testimony that they believe he is not a flight risk. In fact, their misrepresentations to authorities in 1977 and 1978 aided Payne in his attempt to avoid the authorities and this fact renders their testimony totally incredible.
The United States proved by a preponderance of the evidence that there are no conditions enumerated in 18 U.S.C. § 3142(c) which the Court could impose on the defendant's release which would reasonably assure his appearance at trial. The persons to whom Payne might be released have demonstrated a propensity to aid him in avoiding legal authorities. 18 U.S.C. § 3142(c)(2)(A). None of the other conditions set forth in § 3142(c) which relate primarily to restrictions on behavior, would provide a reasonable assurance that *292 he would appear at trial. See 18 U.S.C. § 3142(c)(2)(B-N). For this reason alone, then, the Court would order the defendant's detention under 18 U.S.C. § 3142(e).

3. Danger to Other Persons and the Community.

By operation of 18 U.S.C. § 3142(e), because defendant was indicted by a grand jury for an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., there is a presumption that the Court can impose no condition or set of conditions that would reasonably assure that defendant would not pose a danger to other persons or to the community. In an attempt to rebut this presumption, the defendant offered the testimony of his family and friends that he is not a dangerous or violent person. However, the Court has already held that the testimony of these persons, given their track record of helping defendant evade authorities, is not credible.
The government did not rest on the presumption, but instead, offered evidence that Payne played a role in two murders in St. Louis in the early 1980s. The fact that this evidence was hearsay is irrelevant since the Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court finds the testimony of Joan Spencer that Payne was with her on March 15, 1980, the date of one of the murders, not credible. She is a convicted felon and has had a close association with Payne for almost 10 years.
This evidence in conjunction with the testimony proffered by the government that the Payne organization is attempting to identify the witnesses against him in this cause so they can be killed requires a finding that there is a clear and convincing evidence that the Court could impose no conditions that would reasonably assure the safety of these witnesses. See U.S. v. Payden, 768 F.2d 487, 490 (2d Cir.1985) and U.S. v. Leon, 766 F.2d 77, 81 (2d Cir.1985) (threat of injury to potential witnesses sufficient ground for detention). Further, defendant is charged with distributing cocaine on a large scale. The threat that he might resume these activities also weighs against his release. See Leon, 766 F.2d at 81.
By operation of the presumption in 18 U.S.C. § 3142(e) and the evidence provided by the government at trial, the Court finds that there is clear and convincing evidence that none of the conditions of release in 18 U.S.C. § 3142(c) would reasonably assure the safety of the witnesses against Payne or the community at large. As a result, detention is appropriate under 18 U.S.C. § 3142(e).

4. Constitutionality of the Bail Reform Act of 1984.

The defendant contends that the Bail Reform Act of 1984 is unconstitutional, citing, U.S. v. Salerno, 794 F.2d 64 (2d Cir.1986). Essentially, the Second Circuit held in Salerno that pre-trial detention on the ground that a defendant poses a danger to the community or any person is unconstitutional. Id. at 71. However, here, the Court has found that not only is the defendant a danger to the community and to prospective witnesses in the trial, but that there are no conditions the Court could impose that would reasonably assure his appearance at trial. The decision in Salerno, then, is distinguishable from that before the Court. Further, given the decision of the Eighth Circuit in U.S. v. Maull, 773 F.2d 1479, 1485-86 (8th Cir.1985), the Court doubts that the Eighth Circuit would follow the decision of the Second Circuit in Salerno.

Conclusion
The United States has established by clear and convincing evidence that there are no conditions it could place on the defendant's release which would reasonably assure the safety of potential witnesses in his trial and the public generally. The United States also proved by a preponderance of the evidence that there are no conditions it could place on the defendant's release which would reasonably assure his appearance at trial. As a result, under 18 U.S.C. § 3142(e) the Court must order his detention pending trial.

*293 ORDER
In accordance with the memorandum filed today,
IT IS HEREBY ORDERED that pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, defendant John Alvin Payne shall be committed to the custody of the Attorney General of the United States for confinement, pending his trial, in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
IT IS FURTHER ORDERED that Payne shall have reasonable opportunities for private consultation with his counsel.
IT IS FINALLY ORDERED that on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Payne is confined shall deliver him to a United States marshal for the purpose of an appearance in connection with a court proceeding.