UNITED STATES of America, Plaintiff,

v.

**Thomas N. INKS, Defendant.**

**No. 87 CR 167.**

United States District Court,
N.D. Illinois, E.D.

Oct. 6, 1987.

Anton R. Valukas, U.S. Atty. by Felipe L. Sanchez, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Andrew B. Spiegel, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

■ Defendant Inks moves this court to stay execution of his sentence and to continue his bond pending appeal pursuant to 18 U.S.C. § 3143(b). According to § 3143(b), a convicted person must be detained pending appeal unless the district court finds the following: (1) the appellant does not pose a risk of flight or danger to the community; and (2) the appellant's appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order of a new trial. No contention exists that Inks poses a risk of flight or danger to the community. Difficulty is encountered by Inks, however, in meeting the second set of considerations for appellate bond.

Before appellate bond can be issued, a defendant must show that a "substantial" question of fact or law exists which, if decided in his favor, would result in reversal or a new trial. According to the Sev-

enth Circuit, a question presented on appeal is substantial within the meaning of § 3143(b) when it can be described as "a toss up or nearly so," "a close question," or "one that could be decided the other way." *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir.1986); *United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir.1985).

■ Inks contends the following issues he intends to raise on appeal present "substantial questions of law or fact" warranting bond pending his appeal. First, Inks asserts this court gave erroneous as well as conflicting and ambiguous jury instructions concerning whether the good faith misunderstanding defense to a violation of 26 U.S.C. § 7203 can be limited to a "reasonable misunderstanding." However, the law in the Seventh Circuit has long been that the defense of misunderstanding under § 7203 is to be judged on an objective, reasonable man standard. *United States v. Moore*, 627 F.2d 830, 833 (7th Cir.1980). As such, no substantial question exists with regard to these instructions.

■ Next, Inks asserts that this court's refusal to order the prosecution to produce "potentially exculpatory evidence" contained in certain "Non-Privacy Act Literal Transcripts" and "Information Returns Selection System Transcripts" resulted in reversible error. In Inks' pre- and post-trial motions, he claimed that the noted transcripts would show tax returns were filed for him by the IRS for each of the years at issue in this case. Inks now claims, however, these transcripts, if released, would show the IRS possessed sufficient knowledge from information returns so as to be able to prepare tax returns for him. Aside from the changing nature of Inks' arguments concerning the transcripts, Inks' own testimony at trial showed he had not filed state or federal income tax returns between 1974 and 1986, which encompasses the three prosecution years. The jury elected to reject Inks' contention that he thought the Secretary of Treasury was going to prepare and file the tax returns for him. Not only was this court's denial of Inks' motion to compel the transcripts not a "close" question, the likelihood a reversal

or new trial would result if Inks were to prevail on this issue is essentially non-existent. Finally, Inks' arguments concerning prosecutorial misconduct at trial present neither substantial issues of law or fact nor a likelihood of reversal or new trial if successful on appeal. As such, Inks' second and third arguments fail to meet the requirements for appellate bond. Accordingly, Inks' motion for stay of execution of sentence and for bond pending appeal is denied.