883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael VALAN III, Plaintiff,
and
Richard Alexander, Plaintiff-Appellant,
v.
Gerald T. MCFAUL, Bruce Stafford, Defendants-Appellees
 No. 86-3807.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before KENNEDY, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Appellant filed the complaint in this case pursuant to 42 U.S.C.A. Sec. 1983 (1981) on August 2, 1985, alleging that defendants violated his constitutional rights by subjecting him to discriminatory treatment and ultimately discharging him unlawfully from his position as Cuyahoga County deputy sheriff on November 22, 1983. The district court dismissed the complaint, finding it barred by the statute of limitations. On May 22, 1987, we entered an order affirming the district court's dismissal, finding that our decision in Mulligan v. Hazard, 772 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986) required us to apply the one year statute of limitations found in O.R.C. Sec. 2305.11 (supp. 1988) to all Sec. 1983 actions arising in Ohio.
 
 
 2
 Thereafter, appellant filed a petition for rehearing en banc pursuant to Fed.R.App.P. 35 and Sixth Circuit Rule 14, arguing that Sec. 2305.11 should not have governed the case at bar because the principles announced by the Supreme Court in St. Francis College v. Al-Khazraji, 481 U.S. 607 (1987), precluded the retroactive application of Mulligan. On May 30, 1989, we entered an order noting that no judge of this court had voted to rehear the case en banc. However, this panel granted appellant's petition for rehearing in light of the court's en banc decision in Browning v. Pendleton, 869 F.2d 989, 991-92 (6th Cir.1989) (en banc), in which Mulligan was overruled and the two year limitation period found in O.R.C. Sec. 2305.11 (Supp.1988) was held to apply to Sec. 1983 actions arising in Ohio. In the May 30 order, we instructed the parties to submit supplemental briefs addressing the effect of Browning.
 
 
 3
 Because appellant has alleged in the complaint that his dismissal took place less than two years prior to the filing of the complaint, we hold that the district court erred by dismissing the action for failure to comply with the one year statute of limitations found in Sec. 2305.10. Its judgment is therefore VACATED and the case is REMANDED for further consideration in light of Browning.