**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John L. FREEMAN, aka Alton R.**
**Moss, Defendant-Appellant.**

**No. 83–3043.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1985.

Decided May 22, 1985.

As Amended June 5, 1982.

Robert E. Lindsay, Alan Hechtkopf, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Stephen R. Sady, Portland, Or., John L. Freeman, Las Vegas, Nev., for defendant-appellant.

Before KENNEDY and NORRIS, Circuit Judges, and STEPHENS *, District Judge.

KENNEDY, Circuit Judge:

Freeman was convicted on fourteen counts of aiding and abetting and counseling violations of the tax laws, an offense under 26 U.S.C. § 7206(2). Each count recited that another person had filed a false, individual tax return with Freeman's counsel, assistance, and aid. Of the various arguments on appeal, the most significant is the one based on the First Amendment. Had the court permitted the jury to consider the First Amendment defense, the evidence would have been sufficient for the jury to either acquit or convict the defendant on twelve of the counts. The trial court, though, instructed the jury that the question of free speech was not before it in any part of the case. With respect to these twelve counts, the instruction was error, and we reverse. The evidence on the two remaining counts disclosed no grounds for a legitimate free speech defense and on these counts we affirm.

Words alone may constitute a criminal offense, even if they spring from the anterior motive to effect political or social change. Where an indictment is for counseling, the circumstances of the case determine whether the First Amendment is applicable, either as a matter of law or as a defense to be considered by the jury; and there will be some instances where speech is so close in time and substance to ultimate criminal conduct that no free speech defense is appropriate.

The case for the prosecution was that Freeman, a tax protester of sorts, counseled violations of the tax laws at seminars he conducted. He urged the improper filing of returns, demonstrating how to report wages, then cross out the deduction line for alimony and insert again the amount of the wages, showing them as "nontaxable receipts." As the trial court correctly advised the jury, this manner of reporting results in no taxable income and a false return.

Freeman claims he did nothing more than advocate tax noncompliance as an abstract idea, or at most as a remote act, and that the First Amendment necessarily bars his prosecution. In this he is incorrect. Where there is some evidence, however, that the purpose of the speaker or the tendency of his words are directed to ideas or consequences remote from the commission of the criminal act, a defense based on the First Amendment is a legitimate matter for the jury's consideration. On twelve of the fourteen counts, the case before us falls within this category. Though it was weak, there was some evidence on Counts 1 through 11 and on Count 14 from which the jury might infer that Freeman directed his comments at the unfairness of the tax laws generally, without soliciting or counseling a violation of the

---

* Honorable Albert Lee Stephens, Jr., Senior U.S. District Judge for the Central District of California, sitting by designation.

law in an immediate sense. In some instances he made statements that, at least arguably, were of abstract generality, remote from advice to commit a specific criminal act. Also, he told some audiences to verify his advice because, as a non-lawyer, he had reached conclusions based upon his untrained reading of the Constitution. A jury might have thought those statements, in the context of the entire case, tended to diminish the imminence of the unlawful activity. There was, on the other hand, substantial evidence of Freeman's use of words of incitement quite proximate to the crime of filing false returns, words both intended and likely to produce an imminent criminal act. On the record here, we must assume a jury might discredit this latter testimony and find that Freeman confined his advocacy to abstract ideas or remote action. In the context of the evidence on these twelve counts, the trial court erred by instructing the jury that the First Amendment was irrelevant to the case.

■ In light of Freeman's defense and the evidence to support it, an instruction based upon the First Amendment should have been given to the jury. As the crime is one proscribed only if done willfully, the jury should have been charged that the expression was protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act, one likely to occur. *Brandenburg v. Ohio*, 395 U.S. 444, 447–48, 89 S.Ct. 1827, 1829–30, 23 L.Ed.2d 430 (1969) (per curiam). Tax evasion is a wrong of sufficient gravity that Congress can punish incitement to the crime. *See United States v. Buttorff*, 572 F.2d 619, 624 (8th Cir.), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978).

*United States v. Dahlstrom*, 713 F.2d 1423 (9th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 2363, 80 L.Ed.2d 835 (1984), is not controlling here. There the court found that the legality of the proposed transaction was unsettled and, against this background, concluded that the likelihood of an imminent violation had not been established. *Dahlstrom*, 713 F.2d at 1428.

In our case, the falsity of the returns prepared under Freeman's instructions and the concomitant illegality in their filing are manifest.

■ The indictment charged that defendant not only counseled but also assisted in the filing of false returns. The defendant's direct participation in the preparation of returns is the gravamen of the Government's case with respect to Counts 12 and 13 of the indictment. On these counts the evidence was that one Lonnie Prather showed Freeman tax returns for two different years and asked Freeman to verify that Freeman's instructions had been properly followed. Freeman prepared a draft of a return for Prather; and after Prather filled out two tax forms, Freeman reviewed and approved them. Even if the conviction on these counts rested on spoken words alone, the false filing was so proximately tied to the speech that no First Amendment defense was established. *United States v. Holecek*, 739 F.2d 331, 335 (8th Cir.1984).

■ Though a statute proscribes certain speech, in this case counseling, the defendant does not have a First Amendment defense simply for the asking. Counseling is but a variant of the crime of solicitation, and the First Amendment is quite irrelevant if the intent of the actor and the objective meaning of the words used are so close in time and purpose to a substantive evil as to become part of the ultimate crime itself. *United States v. Barnett*, 667 F.2d 835, 842–43 (9th Cir. 1982); *Buttorff*, 572 F.2d at 624. In those instances, where speech becomes an integral part of the crime, a First Amendment defense is foreclosed even if the prosecution rests on words alone.

There was no element of protected First Amendment activity on the Prather counts, and the jury could return convictions without consideration of a free speech defense.

■ On all of the counts, there was no issue for the trier of fact as to what the returns stated or whether the calculations and entries reported were correct reports of actual transactions. The trial court was

correct, therefore, to treat the question of falsity as a matter of law and to instruct the jury that the returns were false. *Holecek,* 739 F.2d at 335–36 & n. 4; *see United States v. Greenberg,* 735 F.2d 29, 31 (2d Cir.1984) (materiality of falsehood is question of law for the court); *see* 26 U.S.C. § 7206(2) (1982). The other contentions raised on appeal are without merit.

The convictions on Counts 12 and 13 are affirmed. The convictions on Counts 1 through 11, and on Count 14 are reversed.

AFFIRMED IN PART, and REVERSED IN PART.