## MORISON v. UNITED STATES

No. A–896.   Decided June 2, 1988

CHIEF JUSTICE REHNQUIST, Circuit Justice.

Samuel Loring Morison was convicted in the District Court of two counts each of espionage, in violation of 18 U. S. C. §§ 793(d), (e), and theft of Government property, in violation of 18 U. S. C. § 641.   His conviction was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit, 844 F. 2d 1057 (1988), and he now asks that he be allowed to remain free on bond pending the consideration of his yet-to-be-filed petition for writ of certiorari.   The statutory standard for determining whether a convicted defendant is entitled to be released pending a certiorari petition is clearly set out in 18 U. S. C. § 3143(b) (1982 ed., Supp. IV), and the only real issue in this application is whether Morison's appeal "raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment."   I agree with the courts below, however, that regardless of whether Morison has raised a "substantial question" with respect to the propriety of his conviction under the Espionage Act, he has not done so with respect to his conviction for theft of Government property under § 641.   Because Morison has not shown that his appeal is "likely to result in reversal" with respect to all the counts for which imprisonment was imposed, see United

*States* v. *Bayko*, 774 F. 2d 516, 522 (CA1 1985), his application is denied.