**UNITED STATES of America**

v.

**James Nathaniel HAMRICK, Jr.**

**No. SH–CR–88–116–01.**

United States District Court,
W.D. North Carolina,
Shelby Division.

Sept. 14, 1989.

Carl Horn, Chief Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

John A. O'Leary, Columbia, S.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion, filed September 8, 1989, for continued release on bail pending appeal. Defendant relies on 28 U.S.C. [sic] § 3143(b). The Court will treat the Motion under *18* U.S.C. § 3143(b) as it believes Defendant intended.

The relevant section of the Bail Reform Act of 1984 codified at 18 U.S.C. § 3143 provides:

(b) Release or detention pending appeal by the defendant.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(A) reversal,

(B) an order for a new trial,

(C) a sentence that does not include a term of imprisonment, or

(D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in paragraph (b)(2)(D), the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Federal Rules of Appellate Procedure at Rule 9(c) also provides that § 3143(b) be the criteria of release pending appeal.

The presumption of section 3143(b) is that a person pending appeal be detained. The clear language of that section requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception. Moreover, legislative history of the statute demonstrates that Congress intended to reverse the prior presumption in favor of bail pending appeal that existed under the Bail Reform Act of 1966. *See United States v. Miller*, 753 F.2d 19, 22 (3d Cir.1985); *United States v. Veneri*, 635 F.Supp. 1259, 1260 (M.D.N.C.1986) (noting bail pending appeal under § 3143(b) should be rare occasion). Thus, from the outset, it should be clear to Defendant that he is asking the Court to do the unusual.

Section 3143(b) places the burden on the defendant in showing that he should be released pending appeal. The defendant must show the court that he has met a two-prong test. The test requires the defendant to show that:

(1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community; *and*

(2) that the defendant's appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

Only once the defendant has met *both* prongs of the test can the district court order the defendant released on bail.

In this case, Defendant has attempted to meet the first prong by attaching various affidavits to his Motion. The affidavits are from four law enforcement officials from Defendant's community of Rutherford County, North Carolina. The affidavits claim to have known Defendant anywhere from "a number of years" to 35 years. While each affiant states that they "have no knowledge of the Defendant ever committing any crime," there is a lack of supporting information in the affidavit to show the Court on what each affiant bases his opinion. In addition to the brevity of the affidavits, each appears to be remarkably similar in content and form which causes the Court to doubt the amount of weight that should be placed upon them.

Defendant also argues in his Motion that his community roots, a secured bond, and his track record in appearing at previous court proceedings assures this Court that he will not flee if released pending appeal. In urging the Court to find that Defendant does not pose a danger to the community, the Motion states that Defendant was convicted of a non-violent crime, that the scheme in which Defendant participated has been dismantled, affording no future opportunities to resume criminal activity, and that Defendant has no record of past violent behavior.

Defendant's burden in meeting the first prong is clear and convincing evidence. While Defendant has raised numerous assertions that he does not pose a flight risk or a danger to the community, it is unclear to the Court whether the unsubstantiated claims, absent four questionable affidavits, give rise to the level of clear and convincing evidence the statute requires. Black's Law Dictionary defines clear and convincing as "proof beyond a reasonable, *i.e.*, a well-founded doubt." *See Black's Law Dictionary* at 317 (4th ed. 1951). In this case, the Court has a doubt that Defendant may not flee or pose a danger to the community based on Defendant's failure to proffer substantiated evidence. This fail-

ure leaves the Court no option but to find that Defendant has failed to meet the first prong of § 3143(b). *See United States v. Manso–Portes,* 838 F.2d 889, 890 (7th Cir. 1988) (holding that district court's decision to release defendant under § 3143(b) based on mere perforce and not clear and convincing evidence constituted reversible error).

Even assuming that Defendant met the first prong of the test, § 3143(b) requires *both* prongs to be met. In this case, Defendant has failed to provide the Court with sufficient reasons that a substantial question of law likely to result in reversal exists. The portion of Defendant's Motion addressing whether a substantial question of law is present is a brief two paragraphs. In a cursory fashion, Defendant claims that the United States Government breached the terms of the plea agreement entered into by Defendant. Furthermore, Defendant claims that his former attorney in this case acted under a conflict of interest. However, Defendant has failed to cite any case law or to direct the Court in any manner as to *why* these issues raise a substantial likelihood of reversal.

Unfortunately, the Court is unable to find any case in which the Fourth Circuit has applied the substantial likelihood of reversal requirement of § 3143(b). Nonetheless, other Circuits have consistently held that the term "substantial question" means a "close question or one that very well could be decided the other way." *United States v. Powell,* 761 F.2d 1227, 1232 (8th Cir.1985). *See also Morrison v. United States,* — U.S. —, 108 S.Ct. 1837, 100 L.Ed.2d 594 (1988) (Rehnquist, C.J. sitting as Circuit Judge); *United States v. Thompson,* 787 F.2d 1084, 1085 (7th Cir.1986); *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985) (per curiam).[1]

A defendant that wishes to be released on bail pending appeal is required to come forward with a substantial question likely to result in reversal. It is not sufficient for the defendant, as the Defendant has done in this case, to merely note some aspects of his case that he is now unpleased with.

A similar issue arose in this Court's sister district. In *United States v. Veneri,* 635 F.Supp. 1259, 1260 (M.D.N.C.1986), *aff'd,* 813 F.2d 1229 (4th Cir.1987), a defendant raised in a cursory manner issues he believed to be substantial issues. Chief Judge Ward held, as this Court does today, that superficial arguments raised in connection with a § 3143(b) motion fail to meet the standards imposed by the statute. *Id.* at 1262.

To summarize, the Court is of the opinion that Defendant has failed to meet either prong of the two-prong test required by 18 U.S.C. § 3143(b) when a defendant seeks release pending appeal. For this reason, the Court has no alternative but to deny Defendant's Motion.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Continued Release on Bail Pending Appeal be, and hereby is, DENIED.

The Clerk is directed to certify copies of this Order to Defendant, defense counsel John A. O'Leary, and the United States Attorney.

---

1. At least two Circuits have defined "substantial question" more stringently than the Seventh, Eighth, and Eleventh Circuits. In *United States v. Miller,* 753 F.2d 19, 23 (3d Cir.1985), the Court interpreted "substantial" as meaning "a significant question at issue ... which is neither novel, which has not been decided by controlling precedent, or which is fairly doubtful." Under this approach, the district court would be left in the position of finding for purposes of release pending appeal some aspect of the trial contained reversible error. Naturally, most, if not all, courts would be reluctant to find that the trial contained such grave error. *See also United States v. Handy,* 761 F.2d 1279 (9th Cir. 1985).

This Court does not have to decide today which definition should be adopted. Under either, it is clear to the Court that Defendant has failed to raise a substantial question likely to result in reversal.