**UNITED STATES of America**

v.

**Alfred R. MASTERS.**

**No. C–CR–89–44–01.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 13, 1990.

J. Christopher Belcher, for plaintiff.

Harold J. Bender, Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion, filed January 18, 1990, for continued release on bail pending appeal. Defendant relies on 18 U.S.C. § 3143(b) and Rule 9 of the Federal Rules of Criminal Procedure [sic]. It appears to the Court that Defendant intended to cite Rule 9 of the Federal Rules of Appellate Procedure.

The Government filed a response on January 29, 1990 objecting to Defendant's Motion.

The Court has carefully reviewed the entire record in this case. Defendant was charged in 24 counts of the Bill of Indictment for his participation in a conspiracy to promote bogus tax shelters in violation of 18 U.S.C. § 371 and 26 U.S.C. §§ 7206(1) and 7206(2). After an eight-day jury trial, Defendant was found guilty on December 13, 1989 on all counts. The Court sentenced Defendant on January 8, 1990 to a total of six years imprisonment. Defendant filed a Notice of Appeal on January 11, 1990, and this appeal is presently before the Fourth Circuit Court of Appeals.

The relevant section of the Bail Reform Act of 1984 codified at 18 U.S.C. § 3143 provides:

> (b) Release or detention pending appeal by the defendant.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> (A) reversal,
>>>
>>> (B) an order for a new trial,
>>>
>>> (C) a sentence that does not include a term of imprisonment, or
>>>
>>> (D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in paragraph (b)(2)(D), the judicial officer

shall order the detention terminated at the expiration of the likely reduced sentence.

The Federal Rules of Appellate Procedure at Rule 9(c) also provides that § 3143(b) is the criteria for release pending appeal.

■ The presumption of section 3143(b) is that a person whose appeal is pending be detained. The clear language of that section requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases during the pendency of an appeal, it is obvious from the statute that such releases are to be the exception. Moreover, the legislative history of the statute demonstrates that Congress intended to reverse the prior presumption in favor of bail pending appeal that existed under the Bail Reform Act of 1966. *See United States v. Miller,* 753 F.2d 19, 22 (3d Cir.1985); *United States v. Hamrick,* 720 F.Supp. 66, 67 (W.D.N.C.1989); *United States v. Veneri,* 635 F.Supp. 1259, 1260 (M.D.N.C.1986) (noting bail pending appeal under § 3143(b) should be rare occasion). Thus, from the outset, it should be clear to Defendant that he is asking the Court to do the unusual.

■ Section 3143(b) places the burden on the defendant in showing that he should be released while the appeal is pending. The defendant must show the court that he has met a two-prong test. The test requires the defendant to show that:

(1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community; *and*

(2) that the defendant's appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

Only once the defendant has met *both* prongs of the test can the district court order the defendant released on bail.

■ In this case, Defendant has attempted to meet the first prong by arguing that this Court has already found that Defendant has satisfactorily met the prong by granting bond pending the sentencing and by allowing Defendant to report to the designated correctional institution at his own expense. Moreover, Defendant states that he is well educated, has no criminal record, and has made every court appearance. The Government correctly notes that the Court did not previously make a specific finding on the record that Defendant has successfully met the prong. In other words, the Court's decision to allow Defendant to remain free on bond pending sentencing does not equate to an automatic finding that Defendant does not pose a danger to the community or is not a flight risk.

■ At the sentencing hearing of January 8, 1990, the Government objected to Defendant being able to remain free on bail before reporting to the designated correctional institution. The Government indicated that it had received information that Defendant was involved in November 1989 in an attempt to take a company called Gasque Industries public. Apparently, while Defendant was participating in this venture, the Secretary of State for South Carolina issued a cease and desist order prohibiting Defendant from selling securities in South Carolina. The Government contended that Defendant failed to abide by this order and continued promoting securities despite being on pretrial release for the matters presently before the Court. However, Defendant represented through his attorney to the Court that the order had been lifted. Although the Court was concerned that Defendant may have been involved in unscrupulous dealings, the Court gave Defendant the benefit of the doubt and allowed him to report to the designated institution at his own expense.

On January 9, 1990, the Court received a copy of a letter addressed to United States Probation Officer Joe Bracey from Deno N. Vernes, Director of the Securities Division for the South Carolina Department of State. As of January 9, 1990 (the day following the sentencing hearing), Mr. Vernes indicated the cease and desist order had not been lifted or vacated. Therefore, it is evident that Defendant caused the

Court to be misled in its belief that the order had been lifted.

■ In this case, the Court is concerned about the safety of the community if Defendant is released. The unrefuted evidence presented at the sentencing hearing indicates Defendant participated in questionable investment schemes during the pendency of the serious charges in this case. Defendant asserts that he does not pose a *physical* danger to the community. However, the Court believes it must also consider the danger of a person who continues to participate in possibly fraudulent schemes. *See United States v. Malquist*, 619 F.Supp. 875, 878 (D.Mont.1985) (non-violent, tax protester defendant denied release pending appeal under § 3143(b) when he demonstrated a militant lack of responsibility). Frankly, the Court believes Defendant is an unrepentent con-artist who will continue to prey on any person gullible enough to listen to his sales talk. Nothing short of post-conviction incarceration will ensure the safety of the community.

Defendant's burden in meeting the first prong is clear and convincing evidence. While Defendant has raised several assertions that he does not pose a flight risk or a danger to the community, it is unclear to the Court whether the unsubstantiated claims give rise to the level of clear and convincing evidence the statute requires. Blacks Law Dictionary defines clear and convincing as "proof beyond a reasonable, *i.e.*, a well-founded doubt." *See Black's Law Dictionary* at 317 (4th ed. 1951).

The Court has serious doubts about the safety of the community if Defendant is released prior to reporting to the designated correctional institution. Defendant has failed to come forward with any evidence to alleviate the Court's concerns. Thus, Defendant has failed to carry his burden which leaves the Court no option but to find that Defendant has failed to meet the first prong of the § 3143(b) test. *See United States v. Manso–Portes*, 838 F.2d 889, 890 (7th Cir.1988) (holding that district court's decision to release defendant under § 3143(b) based on mere preface and not clear and convincing evidence constituted reversible error).[1]

■ Even assuming that Defendant met the first prong of the test, § 3143(b) requires *both* prongs be met. In this case, Defendant asserts that the following raise a substantial question of law or fact likely to result in reversal, a new trial, or a sentence without a term of imprisonment:

(1) The Court committed error by failing to dismiss the indictment because of the uncertainty of the law;

(2) The Court erred in failing to dismiss the indictment for lack of an in-court identification of Defendant; and

(3) The Court committed error by failing to instruct the jury on the issue of the First Amendment defense.

Unfortunately, the Court is unable to find any case in which the Fourth Circuit has applied the substantial likelihood of reversal requirement of § 3143(b). Nonetheless, other Circuits have consistently held that the term "substantial question" means a "close question or one that very well could be decided the other way." *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir.1985); *see also Morison v. United States*, 486 U.S. 1306, 108 S.Ct. 1837, 100 L.Ed.2d 594 (1988) (Rehnquist, C.J. sitting as Circuit Judge); *United States v. Thompson*, 787 F.2d 1084, 1085 (7th Cir.1986); *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985) (per curiam).[2]

---

**1.** The Court does believe Defendant has shown by clear and convincing evidence that Defendant does not pose a flight risk. However, the first prong of § 3143(b) requires Defendant to show by clear and convincing evidence that he does not pose a flight risk *and* that he is not a danger to the community. Thus, Defendant has failed to meet the first prong requirements.

**2.** At least two Circuits have defined "substantial question" more stringently than the Seventh, Eighth, and Eleventh Circuits. In *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985), the Court interpreted "substantial" as meaning "a significant question at issue ... which is neither novel, which has not been decided by controlling precedent, or which is fairly doubtful." Under this approach, the district court would be left in the position of finding for purposes of release pending appeal some aspect of the trial contained reversible error. Naturally, most, if not all, courts would be reluctant to find that

A defendant that wishes to be released on bail pending appeal is required to come forward with a substantial question likely to result in reversal. It is not sufficient for the defendant, as the Defendant has done in this case, to merely note some aspects of his case in which he is now unpleased. *See United States v. Veneri*, 635 F.Supp. 1259, 1262 (M.D.N.C.1986), *aff'd*, 813 F.2d 1229 (4th Cir.1987), (holding that superficial arguments raised in connection with a § 3143(b) motion fail to meet the standards imposed by the statute).

With the appropriate standard in mind, the Court will address each of Defendant's arguments that a substantial question of law or fact likely to result in reversal exists in this case.

1. Defendant asserts that the Indictment was defective because the law involving the lease of master recordings and the investment tax credit is vague or highly debatable. Defendant relies on the *Mallas* case when he argues that the ambiguity in the tax law left Defendant without the requisite intent to violate the statute. *See United States v. Mallas*, 762 F.2d 361 (4th Cir.1985).

This is not the first time the Court has heard this argument from Defendant. Prior to trial, the Court denied Defendant's motion to dismiss based on a *Mallas* argument. In an order dated September 20, 1989, the Court found *Mallas* was inapplicable to this case. *Mallas* involved the legal nature of a tax shelter. In this case, the Government never disputed that master recordings could qualify for a 10% investment tax credit. Instead, the Government contended, and the jury agreed, that the recordings were fraudulently over-valued by bogus appraisals and promissory notes. Thus, the over-valuation issue was one of fact for the jury to decide. As the Court has previously noted, Defendant had ample notice that his actions violated the applicable tax laws. Therefore, the Court concludes that Defendant's first argument

does not raise a substantial issue of law or fact as required by § 3143(b).

2. Defendant also argues that the Court should have dismissed the Indictment at the close of the Government's case because no witness made an in-court identification of Defendant. Defendant contends that the United States Supreme Court has developed case law regarding the identification of the defendant as the perpetrator of the crime. *See Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The Court's review of these cases indicate Defendant's argument is patently frivolous. Those cases deal with the propriety of the pretrial identification of a defendant. In this case, there was no issue during the trial regarding the Defendant's identity. In fact, Defendant's counsel began his opening statement by saying, "My name is Harold Bender, and you have been introduced to me. I do not think you have been introduced to my client, Alfred Masters, who is seated here in the tweed jacket." Mr. Bender then described in detail Defendant's background and participation in Music Masters.

■ The Court does not believe an in-court identification by a Government witness is necessary when the Defendant's attorney identifies his client and then makes reference to events contained in the Bill of Indictment. Even if such an identification is necessary, Defendant has failed to come forward with cases on point. Section 3143(b) places the burden on Defendant. On this argument, Defendant has failed to carry that burden.

3. Defendant contends that the Court erred by failing to instruct the jury on the first amendment. In support of his position, Defendant cites the case of *United*

the trial contained such grave error. *See also United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985).

This Court does not have to decide today which definition should be adopted. Under either, it is clear to the Court that Defendant has failed to raise a substantial question likely to result in reversal.

*States v. Freeman,* 761 F.2d 549, 552 (9th Cir.1985). The Ninth Circuit in that case reversed the district court for failing to instruct the jury on the first amendment. Accordingly, Defendant believes that the Fourth Circuit will reverse this Court for failing to do the same.

Again, the Court believes Defendant's reliance on the cited case is misplaced. The court in *Freeman* instructed the jury that the first amendment was "not before it in any part of the case." In the case at hand, the Court did not preclude Defendant from raising a first amendment defense. Instead, Defendant chose not to pursue such a defense. The Court does not ordinarily instruct the jury on defenses that have not been presented during the trial.

The Court believes that Defendant has failed with this argument to convince the Court that a substantial issue of fact or law exists that would lead to a reversal.

In summary, the Court is of the opinion that Defendant has failed to show by clear and convincing evidence that he is not a danger to the community. Thus, Defendant has not carried the burden required to meet the first prong of § 3143(b). Furthermore, Defendant has not presented the Court with a substantial issue of fact or law likely to result in reversal. Thus, Defendant has also failed to meet the burden placed upon him by the second prong of § 3143(b). Therefore, the Court is left with no alternative other than to deny Defendant's Motion.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Continued Release on Bail Pending Appeal be, and hereby is, DENIED.