# UNITED STATES of America

v.

## Dale Woodrow BLACK.

### No. C–CR–89–110–02.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 22, 1990.

See also 732 F.Supp. 1342.

H. Thomas Church, Charlotte, N.C., for plaintiff.

James Gray, Gastonia, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion, filed May 7, 1990, for bond pending appeal.

On August 15, 1989, Defendant was indicted for conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant entered a guilty plea on March 26, 1990 which reserved Defendant's right to appeal the denial of a motion to suppress. This Court imposed a term of imprisonment of 72 months and a fine of $15,000.00. Defendant has filed a notice of appeal regarding the fourth amendment issues.

The relevant section of the Bail Reform Act of 1984 codified at 18 U.S.C. § 3143 provides:

> (b) Release or detention pending appeal by the defendant.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (A) reversal,
> > >
> > > (B) an order for a new trial,
> > >
> > > (C) a sentence that does not include a term of imprisonment, or
> > >
> > > (D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in paragraph (b)(2)(D), the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Federal Rules of Appellate Procedure at Rule 9(c) also provides that § 3143(b) be the criteria of release pending appeal.

■ The presumption of section 3143(b) is that a person whose appeal is pending be detained. The clear language of that section requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception. Moreover, legislative history of the statute demonstrates that Congress intended to reverse the prior presumption in favor of bail pending appeal that existed under the Bail Reform Act of 1966. *See United States v. Miller*, 753 F.2d 19, 22 (3d Cir.1985); *United States v. Veneri*, 635 F.Supp. 1259, 1260 (M.D.N.C. 1986) (noting bail pending appeal under § 3143(b) should be rare occasion). Thus, from the outset, it should be clear to Defendant that he is asking the Court to do the unusual. *See United States v. Masters*, 730 F.Supp. 686 (W.D.N.C.1990); *United States v. Hamrick*, 720 F.Supp. 66 (W.D.N.C.1989).

■ Section 3143(b) places the burden on the defendant in showing that he should be released pending appeal. The defendant must show the court that he has met a two-prong test. The test requires the defendant to show that:

> (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community; *and*
>
> (2) that the defendant's appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

Only once the defendant has met *both* prongs of the test can the district court order the defendant released on bail.

■ Defendant's burden in meeting the first prong is clear and convincing evidence. While Defendant has not raised any new arguments regarding the first prong but has simply restated the same numerous assertions that he does not pose a flight risk or a danger to the community, it is unclear to the Court whether these claims give rise to the level of clear and convincing evidence the statute requires. Blacks Law Dictionary defines clear and convincing as "proof beyond a reasonable, *i.e.*, a well-founded doubt." *See Black's Law Dictionary* at 317 (4th ed. 1951).

In this case, the Court has a doubt that Defendant may not flee or pose a danger to the community based on Defendant's failure to proffer substantiated evidence. Frankly, the Court is concerned about the flight risk of Defendant. Although Defen-

dant did not flee prior to the imposition of sentence in this matter, Defendant is now facing a term of imprisonment of 72 months. Hence, there is a strong motive for Defendant to flee. Defendant in this motion has not offered any evidence that will assure the Court that he will not flee if released. Defendant's failure to alleviate the Court's concern in the Motion leaves it no option but to find that Defendant has failed to meet the first prong of § 3143(b). *See United States v. Manso–Portes*, 838 F.2d 889, 890 (7th Cir.1988) (holding that district court's decision to release defendant under § 3143(b) based on mere perforce and not clear and convincing evidence constituted reversible error).

Even assuming that Defendant met the first prong of the test, § 3143(b) requires *both* prongs to be met. In this case, Defendant has failed to provide the Court with sufficient reasons that a substantial question of law likely to result in reversal exists. Defendant has listed three issues of law that he claims present a substantial question. However, the Court rejected each one of these arguments in its Order of March 15, 1990 affirming the Magistrate's denial of the Motion to Suppress. The Court believed then, as it does now, that there was probable cause to support the warrants in this case and/or that the *Leon* exception legitimized the searches. Defendant has failed to come forward with any new argument to show that it is likely that the Court's previous holding constituted reversible error.

■ Unfortunately, the Court is unable to find any case in which the Fourth Circuit has applied the substantial likelihood of reversal requirement of § 3143(b). Nonetheless, other Circuits have consistently held that the term "substantial question" means a "close question or one that very

well could be decided the other way." *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir.1985). *See also Morison v. United States*, 486 U.S. 1306, 108 S.Ct. 1837, 100 L.Ed.2d 594 (1988) (Rehnquist, C.J. sitting as Circuit Judge); *United States v. Thompson*, 787 F.2d 1084, 1085 (7th Cir.1986); *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985) (per curiam).[1] A defendant that wishes to be released on bail pending appeal is required to come forward with a substantial question likely to result in reversal. It is not sufficient for the defendant, as the Defendant has done in this case, to merely rehash the same arguments the Court has already decided.

A similar issue arose in this Court's sister district. In *United States v. Veneri*, 635 F.Supp. 1259, 1260 (M.D.N.C.1986), *aff'd*, 813 F.2d 1229 (4th Cir.1987), a defendant raised in a cursory manner issues he believed to be substantial issues. Chief Judge Ward held, as this Court does today, that superficial arguments raised in connection with a § 3143(b) motion fail to meet the standards imposed by the statute. *Id.* at 1262.

To summarize, the Court is of the opinion that Defendant has failed to meet either prong of the two-prong test required by 18 U.S.C. § 3143(b) when a defendant seeks release pending appeal. For this reason, the Court has no alternative but to deny Defendant's Motion.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for bond pending appeal be, and hereby is, DENIED.

---

1. At least one Circuit has defined "substantial question" differently than the Seventh, Eighth, and Eleventh Circuits. In *United States v. Miller*, 757 F.2d 19, 23 (3d Cir.1985), the Court interpreted "substantial" as meaning "a significant question at issue … which is neither novel, which has not been decided by controlling precedent, or which is fairly doubtful." Under this approach, the district court would be left in the position of finding for purposes of release pending appeal some aspect of the trial contained reversible error. Naturally, most, if not all, courts would be reluctant to find that the trial contained such grave error.

This Court does not have to decide today which definition should be adopted. Under either, it is clear to the Court that Defendant has failed to raise a substantial question likely to result in reversal.