**UNITED STATES of America**

v.

**Richard FOLEY, Jr., Defendant.**

**Crim. No. 3:93CR00113 (TFGD).**

United States District Court,
D. Connecticut.

May 9, 1994.

**508**

Christopher F. Droney, U.S. Atty., Amy B. Lederer, Ass't U.S. Atty., New Haven, CT, for plaintiff.

James Bergenn, Sheila Huddleston, Hartford, CT, for defendant.

## RULING ON MOTION FOR RELEASE PENDING APPEAL

DALY, District Judge.

Following his conviction on a four-count indictment and his subsequent imprisonment, the defendant Richard Foley, Jr. moves for release on bond pending his appeal. For the reasons stated below, the motion is denied without a hearing.

### DISCUSSION

On October 28, 1993 a jury returned verdicts of guilty on each of the four counts for which the defendant was charged. Specifically, the defendant was convicted on Count One of the indictment of accepting corrupt payments, in violation of 18 U.S.C. § 666; on Counts Two and Three of aiding and assisting the preparation and filing of false income tax returns, in violation of 26 U.S.C. § 7206(2); and on Count Four of conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371. The Court on January 7, 1994 then sentenced the defendant to a term of imprisonment of 40 months on Count One, 36 months on each of Counts Two and Three, and 40 months on Count Four, all sentences to be served concurrent-

ly. The defendant surrendered at the Federal Correctional Institution at Fort Dix, New Jersey on January 31, 1994.

■ The defendant now moves pursuant to 18 U.S.C. § 3143(b)(1) for release pending his appeal of the above convictions. The government does not contest that the defendant can establish, by the standard of clear and convincing evidence, that if released the defendant poses neither a risk of flight nor a danger to the safety of another person or the community, and thus meets the requirements of subsection 3143(b)(1)(A). The government likewise does not argue that the defendant has appealed for the purpose of delay. It is a different question, however, whether the defendant meets the remaining requirements of subsection 3143(b)(1)(B)—that the appeal "raises a substantial question of law or fact," and that the defendant's appeal, if successful, will lead to either a reversal on all counts of conviction or a significantly reduced sentence.

As an initial matter the Court finds that the defendant's appeal does not raise a "substantial question of law or fact." This requirement has been defined as a legal or factual issue "which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir.1985). The defendant thus must raise " 'a "close" question or one that very well could be decided the other way.' " *United States v. Randell*, 761 F.2d 122, 125 (2d Cir.) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985).

■ The defendant argues that a "substantial" question exists as to his conviction on Count One for a violation of 18 U.S.C. § 666.[1] Specifically, the defendant argues that Congress intended to distinguish between the legislative and executive branches and drafted § 666 to apply only to the latter,

---

1. The essential elements of § 666 are as follows: (1) that the defendant was an agent of state government or a state governmental agency; (2) that the defendant corruptly accepted something of value with the intent to be influenced or rewarded in connection with the business of the state; (3) that the defendant accepted something of value in connection with the business or transactions of the state involving anything of value of $5,000 or more; (4) that the state received in excess of $10,000 in federal funds in any single year; and (5) that the defendant acted willfully and knowingly. *See* 18 U.S.C. § 666.

that § 666 does not apply because a state legislator has no authority to administer federal funds, and that a state legislator is not an agent but a principal of state government and § 666 applies only to agents. Such interpretations abuse the clear meaning of the statute,[2] however, and confound the logic of numerous decisions upholding the convictions of elected officials under § 666. *See, e.g., United States v. Coyne,* 4 F.3d 100 (2d Cir. 1993) (affirming § 666 conviction of county executive), *cert. denied,* —— U.S. ——, 114 S.Ct. 929, 127 L.Ed.2d 221 (1994); *United States v. Santopietro,* 996 F.2d 17 (2d Cir. 1993) (affirming § 666 conviction of city mayor), *cert. denied,* —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994); *see also United States v. Bordallo,* 857 F.2d 519 (9th Cir. 1988) (assuming Governor of Guam to be agent, yet reversing § 666 conviction on ground that Guam is not a state), *amended, reh'g denied,* 872 F.2d 334 (9th Cir.1989) *(en banc );*[3] *United States v. Westmoreland,* 841 F.2d 572 (5th Cir.) (affirming § 666 conviction of county supervisor), *cert. denied,* 488 U.S. 820, 109 S.Ct. 62, 102 L.Ed.2d 39 (1988).

■ The defendant also argues that in obtaining his conviction on Count One the government neither alleged nor proved a nexus between the defendant's alleged conduct and federal funds. This argument likewise confounds numerous decisions holding that § 666 does not require proof that the federal funds actually were threatened by the corrupt activities of the defendant, or that federal funds were directly involved in the corrupt transaction in which he participated. *See, e.g., Coyne,* 4 F.3d at 109 (holding jurisdictional amount of $10,000 in federal financial assistance necessary to support § 666 charge against local or state official need not have been connected to project that was subject of official's misconduct); *see also United States v. Grubb,* 11 F.3d 426 (4th Cir.1993) (limiting jurisdictional prerequisite of § 666 to receipt of at least $10,000 in funds by

affected subdivision of state government); *United States v. Simas,* 937 F.2d 459 (9th Cir.1991) (holding § 666 does not require a tracing of federal funds to the project affected by the bribe or a showing that the defendant had the authority to administer federal funds); *United States v. Snyder,* 930 F.2d 1090 (5th Cir.1991) (holding § 666 does not require that alleged illegal transactions affect federal funds); *Westmoreland,* 841 F.2d at 576 (holding that § 666 does not require the government to trace the $5,000 to federal funds, as statute was drafted "to encompass local officials who may administer federal funds, regardless of whether they actually do"); *United States v. Mongelli,* 794 F.Supp. 529, 530 (S.D.N.Y.1992) (holding that § 666 "does not require that the $5,000 'involved' be measured in terms of value *to the agency* ") (emphasis in original).

■ The Court therefore is not convinced that the two issues raised by the defendant concerning his conviction on Count One are either novel or close, and thus finds that the defendant fails to raise a "substantial" question of law or fact. Assuming for the purposes of this motion that the defendant has made such a showing, however, the motion fails to meet the final requirement of 18 U.S.C. § 3143. Subsection 3143(b)(1)(B) requires the defendant to establish that these issues as to Count One, if resolved in his favor, would lead to reversal, an order for a new trial, or to a significantly reduced sentence. 18 U.S.C. § 3143(b)(1)(B). A successful appeal must result either in reversal or a new trial on every count of conviction for which imprisonment has been imposed, *Morison v. United States,* 486 U.S. 1306, 108 S.Ct. 1837, 100 L.Ed.2d 594 (1988); *Randell,* 761 F.2d at 125–26, or in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

**2.** For example, § 666(d)(1) defines the term "agent" as "a person authorized to act on behalf of another person or a government and, in the case of an organization or a government, includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C. § 666(d)(1). Thus by its terms the

statute includes actors in both subordinate and executive positions.

**3.** Congress subsequently amended § 666(d)(4) to include "any commonwealth, territory, or possession of the United States." *See* Pub.L. No. 101–647, § 1205(d) (1990).

The defendant argues that, if successful in his arguments on § 666, reversal on all counts will be required because Counts Two, Three and Four are intrinsically related to Count One. *See* Deft's Mem. at 34–38. The Court charged the jury to consider the four counts in the indictment separately, however, and there is no reason to believe that the jury would not understand and follow such a charge. *See United States v. Cardascia*, 951 F.2d 474, 484 (2d Cir.1991) ("This case simply is not one where 'the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.'") (quoting *Bruton v. United States*, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968)). Moreover, no overlap exists in the essential elements of Count One with those of Counts Two, Three and Four, and different facts were necessary to obtain a conviction on these latter counts.[4] Finally, the specific theory of illegitimacy proffered by the government at trial was irrelevant to the jury's consideration of Counts Two and Three. The jury need only have found, and did find, that the tax returns were false or fraudulent as to a material matter.[5] It is this factual distinction among the Counts that removes the danger that the corruption charge of Count One tainted the jury's verdicts on the remaining three counts. *See Randell*, 761 F.2d at 125–26.

The defendant also argues that success on his § 666 arguments will lead to a significantly reduced sentence on the remaining counts. *See* Deft's Reply at 19–20. This argument depends on the conclusion that the four counts of the indictment were factually and legally intertwined, a conclusion the Court rejects, as discussed above. Moreover, the defendant received separate sentences on each of the four counts of conviction. Even were the appellate court to vacate the jury's verdict on Count One, such a decision would not automatically invalidate the remainder of the defendant's sentence or cause a recalculation of the sentencing guidelines as to the remaining counts.[6] As the defendant fails to establish that a reversal on Count One would lead to either a reversal on all other counts or to a substantially reduced sentence, he fails to meet the requirements for release pending appeal as set forth in 18 U.S.C. § 3143(b)(1).

## CONCLUSION

For the reasons stated above, the defendant's motion for release pending appeal is hereby DENIED without a hearing.

SO ORDERED.

---

4. To convict the defendant on Count Two, the jury had to find that the $20,000 paid to him in 1989 was not a "cost of construction," as represented by the Taft–Crosspointe Limited Partnership's 1989 tax return. Similarly, a verdict of guilty on Count Three required the jury to find that the $5,000 paid to the defendant in 1990 was not a "business expense," as represented by the Taft Group's 1990 tax return. Finally, Count Four required the jury to find that the defendant willfully and knowingly entered into a conspiracy to defraud the Internal Revenue Service and committed at least one overt act in furtherance thereof, and listed among its overt acts the receipt of the funds charged in Counts Two and Three.

5. The defendant's citation of *United States v. Guiliano*, 644 F.2d 85 (2d Cir.1981) in support of this argument thus is inapposite. In *Guiliano* the Second Circuit reversed that defendant's convictions on one count of aiding and abetting bankruptcy fraud and one count of aiding and abetting in the conduct of the affairs of an enter-

prise through a pattern of racketeering activity, and ordered the retrial of the defendant on a second count of aiding and abetting bankruptcy fraud. Not only were the two bankruptcy counts identical, but they formed the only two predicate acts of racketeering activity essential to conviction on the racketeering count. *See id.* at 88–89. In this case, however, the defendant's convictions on Counts Two, Three and Four rest entirely upon separate legal and factual grounds from his conviction on Count One.

6. Indeed, the defendant ignores that he received a two-level upward departure for obstruction of justice pursuant to U.S.S.S. § 3C1.1 in addition to the base offense level of ten assessed on each of Counts Two, Three and Four. The resulting total offense level of twelve, for a guideline range of 10–16 months, would be counted from January 31, 1994, the day the defendant began his incarceration. By the defendant's own calculation his appeal will conclude prior to the conclusion of the shortest possible sentence he could receive in that range.