**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

GLENN L. GREEN,

　　　　Defendant-Appellant.

No. 98-3242
(D.C. No. 97-CR-10164-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.  We grant defendant's motion to file a reply brief and have considered the arguments made in that brief.

---

[*]　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Glenn Green appeals from a district court order denying his release pending appeal of his convictions for possession with the intent to distribute methamphetamine and for possession with the intent to distribute cocaine. He contends on appeal that he is eligible for bail pursuant to 18 U.S.C. § 3145(c) (West 1994 & Cum. Supp. 1998). We review the district court's ruling *de novo*, deciding whether petitioner met the applicable standards set out in 18 U.S.C. § 3143(b)(1)(B) (West Cum. Supp. 1998), and whether he has also demonstrated exceptional circumstances warranting his release. See § 3145(c); United States v. Kinslow, 105 F.3d 555, 557 (10th Cir. 1997).

Mr. Green has failed to show that resolution in his favor of the "substantial questions" raised in his motion would result either in a reversal of all of his convictions or in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. See § 3143(b)(1)(B)(i) & (iv); Morison v. United States, 486 U.S. 1306, 1306 (1988) (stating that if release is to be based on reversal, defendant must show that all counts for which imprisonment was imposed will be affected); United States v. Rutter, 897 F.2d 1558, 1562 (10th Cir. 1990) (allowing court to consider relevant conduct in determining the applicable guideline range, including additional amounts of drugs for which defendant was not convicted).

Mr. Green also failed to allege any exceptional circumstances at the hearing on the matter, thus the district court's finding that no exceptional circumstances exist to warrant release under § 3145(c) is fully supported in the record. We decline defendant's invitation to make a finding of exceptional circumstances based upon evidence and arguments he presented on appeal; however, if we were to do so, we would also conclude that he has not raised sufficient exceptional circumstances to warrant his release.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM